**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-50005**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DURENCESS MARSHALL,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court,**
**for the Western District of Texas**
**(USDC No. W-97-CR-54-1)**
_____

October 20, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Durencess Donnell Marshall appeals his convictions concerning cocaine base: conspiracy to possess with intent to distribute; distribution; and aiding and abetting distribution.

Marshall challenges the admission at trial of testimony of the conviction of coconspirator Lo Ford. Not raised at trial, this issue is considered only for plain error. FED. R. CRIM. P. 52(b); *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

banc).  In reviewing introduction of a coconspirator's guilty plea,

we consider (1) whether there was any limiting instruction; (2) the purpose of the plea's introduction; (3) whether the plea was used as substantive evidence of guilt; and (4) whether introduction of the plea was invited.  *United States v. Samak*, 7 F.3d 1196, 1198 (5th Cir. 1993).  Ford's conviction was introduced to rebut defense claims of preferential treatment for witnesses, not to show Marshall's guilt.  Defense counsel repeatedly discussed coconspirators' criminal records.  Accordingly, we find no plain error.

Next, Marshall contests the drug quantities attributed to him, claiming inconsistencies between witnesses.  We review this issue for clear error, *see United States v. Young*, 981 F.2d 180, 185 (5th Cir. 1992).  Even the most conservative reports of drug quantities bought and sold by Marshall each week, considered in light of how long Marshall dealt them, produce an amount far more than the 1.5 kilograms necessary for an offense level of 38.  *See* U.S.S.G. § 2D1.1(c)(1).  No clear error exists.

Finally, Marshall disputes the enhancement for his role as manager or supervisor in the conspiracy.  We also review this issue for clear error, *see United States v. Musquiz*, 45 F.3d 927, 932-33 (5th Cir. 1995).  The record shows more than five participants in the conspiracy (for instance, the cooperating drug dealers).  Marshall concedes supervising Remy Phillips, enough for enhancement.  *See* U.S.S.G. § 3B1.1(b), application note 2

("supervisor of one or more other participants").  Again, no clear error exists.

                                                            ***AFFIRMED***